

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER RAY-BRYAN ROGERS,   § | |
| § | |
| Petitioner,   § | |
| § | Criminal Action No. 4:14-00028-MGL |
| vs.   § | Civil Action No. 4:16-00957-MGL |
| § | |
| UNITED STATES OF AMERICA,   § | |
| § | |
| Respondent.   § | |
| § | |

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND
DENYING THE PETITION

This is a 28 U.S.C. § 2255 action. The Clerk of Court entered Petitioner's pro se petition (Petition) on March 25, 2016. ECF No. 58. The Court granted Petitioner's pro se motion to appoint counsel on March 31, 2016. ECF No. 66. Petitioner is represented by excellent counsel.

Respondent filed a motion to dismiss the Petition on April 14, 2016. ECF No. 70. Petitioner timely responded to the motion on December 28, 2016. ECF No. 76. Having carefully reviewed the motion to dismiss, the response, the Petition, the record, and the applicable law, it is the judgment of the Court Respondent's motion to dismiss will be granted, and the Petition will be denied.

Petitioner alleges in his Petition his sentence should be vacated, set aside, or corrected because the Court erred in holding his prior conviction for second degree burglary qualifies as a violent felony under the Armed Career Criminal Act (ACCA) and because his predicate offenses

were not listed in his indictment. ECF No. 58. Respondent argues in its motion to dismiss the Petition fails as a matter of law because Petitioner has three other prior convictions in addition to his second degree burglary conviction that qualify as violent felonies under the ACCA. ECF No. 70-1.

Petitioner admits in his response to Respondent's motion that the three prior convictions relied upon by Respondent qualify as violent felonies for purposes of the ACCA based upon current Fourth Circuit precedent. ECF No. 76 at 2. Petitioner explains he merely seeks to preserve his objection regarding whether his prior conviction of strong arm robbery serves as a predicate offense under the ACCA in the event the Fourth Circuit's decision in *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), is reversed or modified. ECF No. 76 at 2, 4. Petitioner fails to take the position in his response Respondent's motion should be denied. Thus, in Petitioner's response, he concedes Respondent's motion should be granted based on the current state of the law in the Fourth Circuit. Respondent's motion is therefore uncontested.

Regarding Petitioner's indictment argument, the Court is unconvinced. It is well settled an indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *see also United States v. Higgs*, 353 F.3d 281, 302 (4th Cir. 2003) (holding it is unnecessary for prior convictions to be listed in the indictment for them to serve as the basis for an enhanced sentence).

Accordingly, Respondent's motion to dismiss is **GRANTED**, and the Petition is **DENIED**.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 26th day of January 2017 in Columbia, South Carolina.

                                                        s/ Mary Geiger Lewis
                                                        MARY GEIGER LEWIS
                                                        UNITED STATES DISTRICT JUDGE