IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § <br> § |
| vs. | § <br> §    CRIMINAL ACTION NO.: 4:14-0028-MGL |
| CHRISTOPHER RAY-BRYAN ROGERS, <br> Defendant. | § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

### I.    INTRODUCTION

Pending before the Court is Defendant Christopher Ray-Bryan Rogers's (Rogers) pro se motion to reduce his sentence due, in part, to the COVID-19 pandemic.  To the extent Rogers asks for a new place of confinement, this is outside the Court's authority.  *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons (BOP) shall designate the place of a prisoner's imprisonment).  Having carefully considered the motion, the responses, the replies, the numerous letters from Rogers, the record, and the applicable law, it is the judgment of the Court Rogers's motion to reduce his sentence will be denied.

### II.    FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Rogers on one count of interference with commerce by threat or violence in violation of 18 U.S.C. § 1951(a) (Count One); one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), (a)(2), and 924(e) (Count Two), and one count of knowingly using and possessing a firearm in relation to a crime of violence in violation 18 U.S.C. § 924(c)(1)(A) (Count Three).

On May 12, 2014, Rogers pled guilty to Count Two, and the remaining counts were dismissed. The Court, on October 3, 2014, sentenced Rogers to a term of two-hundred months of imprisonment as to Count Two, and upon release, to serve a term of five years on supervised release with mandatory and standard conditions. Rogers's lengthy sentence was the result of his status as an armed career criminal. *See* Final Presentence Investigation Report (PSR) ¶ 39 (noting Rogers "is an Armed Career Criminal.").

After an unsuccessful appeal, Rogers filed a Section 2255 petition where he argued he was erroneously classified as an armed career criminal. This Court denied Rogers's Section 2255 petition on January 26, 2017. Rogers then filed a Section 2241 petition in the Middle District of Pennsylvania arguing his Section 922(g) conviction for being a felon in possession of a firearm is no longer valid under the United States Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The government responded to that motion, and the Section 2241 petition remains pending in the Middle District of Pennsylvania.

Rogers is currently housed at United States Penitentiary Thomson (USP Thomson), and has a projected release date on or about December 26, 2028. He filed this motion seeking compassionate release due, in part, to the COVID-19 pandemic. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.    STANDARD OF REVIEW**

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the

defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for

reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

**IV.    DISCUSSION AND ANALYSIS**

Rogers fails to argue either of the first two scenarios are applicable. Rather, he moves for a sentence reduction solely on the basis of the third circumstance, alleging COVID-19, when considered with his underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

Prior to addressing the merits of Rogers's motion, the Court will analyze whether it has jurisdiction. As noted by the government, Rogers "claims in his filing that he submitted a request for compassionate release to his [W]arden and that it was denied." Resp. in Opp'n at 8 n.2. Further, the government opines "[g]iving [Rogers] the benefit of the doubt, [it] will proceed

4

as if the Court would ha[ve] jurisdiction to resolve this claim on the merits." *Id.* Accordingly, the Court accepts the government's position and will decide Rogers's motion on the merits.

Turning to the merits of Rogers's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A.   *Whether Rogers presents extraordinary and compelling reasons warranting a reduction of his sentence*

Rogers, in his motion, states he suffers from "asthma & high blood pressure[.]" Mot. at 4. The government contends Rogers's "medical conditions appear appropriately managed at the facility, which is also engaged in strenuous efforts to protect inmates against the spread of COVID-19, vaccinate inmates and staff against COVID-19, and would act to treat any inmate who does contract COVID-19." Resp. in Opp'n at 10. Also, the government avers "[o]n February 11, 2021, [Rogers] was offered the Pfizer COVID-19 vaccine and refused to have it administered." *Id.* at 11 (citing BOP documentation demonstrating Rogers's refusal to take the COVID-19 vaccine). Rogers, in his reply, confirms he refused the COVID-19 vaccine "for various reasons" and individuals who receive the vaccine "still bec[ome] infected." Reply at 2.

Furthermore, and most importantly, evidence of Rogers's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence. According to the BOP COVID-19 case tracker, zero inmates at USP Thomson are currently positive for COVID-19. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Mar. 7, 2022). The presence of zero cases of

5

COVID-19 among the inmate population at USP Thomson, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as USP Thomson in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Mar. 7, 2022) (showing the BOP has administered 303,104 doses out of 334,814 received, over a ninety percent administration rate). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 378 employees of USP Thomson have been fully vaccinated, as well as 803 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Additionally, to the extent Rogers avers his mother's poor health constitutes an extraordinary and compelling reason for compassionate release, the Court agrees with its sister courts such unfortunate circumstances fail to reach the required threshold for granting a motion for compassionate release. *See generally United States v. Hooks*, No. 3:18-CR-59-MOC-DCK-1, 2021 WL 796156, at *3 (W.D.N.C. Mar. 2, 2021) (rejecting a compassionate release motion on grounds that the movant's mother had terminal cancer); *United States v. Siberio-Rivera*, No. 17-CR-00320-6, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15, 2020) (stating that wanting to be released early to care for elderly or ill parents does not rise to the level of an extraordinary and compelling circumstance warranting release).

Accordingly, the Court concludes Rogers fails to demonstrate extraordinary and compelling reasons warrant a sentence reduction in light of zero inmates among the entire

6

inmate population at USP Thomson having COVID-19, the extraordinary and successful vaccination efforts of the BOP, and his intentional rejection of the Pfizer COVID-19 vaccine.

Alternatively, even if the Court concluded Rogers demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A).  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . .  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors."  *United States v. Kibble*, 992 F.3d 326, 331 n.3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)).  Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."  *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of Rogers's crime, firearms mixed with armed robbery, is a serious and dangerous crime. Rogers's criminal history is also problematic. As aptly noted by the government, "the violent nature of [Rogers's] current crime is coupled with a record so serious that, even though he was only in his 20s when sentenced, he was already an armed career criminal." Resp. in Opp'n at 13. Rogers's lengthy and dangerous criminal history earned him a criminal history score of VI. *See* PSR ¶ 38 (noting his criminal history score of a nineteen establishes a criminal history category of VI). Furthermore, a reduction in Rogers's sentence would create a major sentencing disparity and fail to promote respect for the law, as he has served only slightly greater than half of his sentence.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Rogers is inappropriate.

### C.     Whether a compassionate release motion is the proper vehicle for a Rehaif claim

Rogers, in his reply, contends the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), constitutes an extraordinary and compelling reason justifying relief.

Here, a compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under *Rehaif*. Rather, the proper vehicle is a motion pursuant to 28 U.S.C. § 2255. This is because *Rehaif* provides a basis to vacate a criminal defendant's conviction, not alter his term of imprisonment, and Section 2255 controls motions to vacate convictions. *See e.g., United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021) (rejecting interpreting Section 3582(c)(1)(A) to "allow the compassionate release statute to operate in a

way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge sentences" as "[t]hat path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions.").

Regardless, as noted above, Rogers already made this *Rehaif* argument in the Middle District of Pennsylvania in his Section 2241 petition. Hence, the Court rejects his raising a *Rehaif* claim here. Alternatively, even if the Court allowed Rogers to raise a *Rehaif* claim here and concluded he presented extraordinary and compelling reasons warranting release, it would still deny his compassionate release motion based on the Section 3553(a) factors as discussed above.

### D. Whether a compassionate release motion is the proper vehicle for an armed career criminal argument

Rogers, in his reply, also avers the Court should grant him compassionate release in light of his argument that he is not actually an armed career criminal. But, this Court, in its order denying his Section 2255 petition, rejected Rogers's argument he was erroneously classified as an armed career criminal. *See* Jan. 26, 2017, Order at 2 (noting Rogers conceded "the three prior convictions relied upon by [the government] qualify as violent felonies for purposes of the ACCA[.]").

Regardless, as noted by the Sixth Circuit Court of Appeals, "a compassionate release motion is not the proper vehicle for" arguments related to challenges for an "armed career criminal designation[.]" *United States v. Sargent*, No. 20-5508, 2020 WL 6589004 at *2 (6th Cir. Sept. 30, 2020). Accordingly, the Court rejects this argument, too, as a motion for a compassionate release is not the proper vehicle for such a claim. Alternatively, even if the Court allowed Rogers to raise an armed career criminal argument here and concluded he presented

extraordinary and compelling reasons warranting release, it would still deny his compassionate release motion based on the Section 3553(a) factors as discussed above.

IV.   **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Rogers's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of March 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE